GAS 245B     (Rev. 06/18) Judgment in a Criminal Case
DC Custody TSR

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 4:58 pm, Sep 04, 2020

| UNITED STATES OF AMERICA | ) | SECOND AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| David R. Greenlee | ) | Case Number:   4:17CR00203-1 |
| | ) | USM Number:   22113-021 |

Date of Original Judgment: October 30, 2019
Date of First Amended Judgment: January 17, 2020
Reason for Amendment: Correction of Judgment for Clerical Error (Fed.R.Crim.P. 36)*

David Mitchell Stewart
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Count ___1___.

☐ pleaded nolo contendere to Count(s) _____ which was accepted by the court.

☐ was found guilty on Count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit securities fraud, wire fraud and money laundering | February 28, 2016 | 1 |

The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed ☐ as to this defendant   on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

September 1, 2020
Date of Imposition of Judgment

_[signature]_
Signature of Judge

LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

September 4, 2020
Date

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: <u>48 months</u>.

☒ The Court makes the following recommendations to the Bureau of Prisons: It is recommended that the defendant be designated to the appropriate Bureau of Prisons facility in Bastrop, Texas, subject to capacity or any security regulation affecting such a designation. Further, it is recommended that the defendant be evaluated by Bureau of Prisons officials to establish his participation in an appropriate program of substance abuse treatment and counseling, including the Residential Drug Abuse Program (RDAP), during his term of incarceration.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at ☐ a.m. ☐ p.m. on                    .
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 2 p.m. on       Friday November 29, 2019    .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on                              to

at                              , with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*
7. ☒ You must make restitution in accordance with 18 §§ U.S.C. 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(Check, if applicable.)*
8. You must pay the assessment imposed in accordance with 18 § U.S.C. 3013.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as a nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting permission from the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified that person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provide me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

Case 4:17-cr-00203-LGW-CLR   Document 65   Filed 09/04/20   Page 5 of 11
GAS 245B
DC Custody TSR
(Rev. 06/18) Judgment in a Criminal Case
Judgment — Page 5 of 11

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

# SPECIAL CONDITIONS OF SUPERVISION

1. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. You shall not maintain more than one financial institution account or be a signor on a financial institution account without the prior approval of the probation officer.

5. You must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

6. You must inform any employer or prospective employer of your current conviction and supervision status.

7. You must not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others unless the probation officer approves such employment.

8. You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|        | Assessment | JVTA Assessment * | Fine | Restitution |
|--------|------------|-------------------|------|-------------|
| TOTALS | $100       |                   |      | $19,785,232 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ABENDROTH | DAVID | $127,500 | 1 |
| ADAD | J. MARI | $75,000 | 1 |
| ADKINS | JOSEPH P. | $60,000 | 1 |
| AGNINI | MICHAEL F. AND/OR DONNA P. | $118,111 | 1 |
| AHLERS | VIRGIL J. & NANCY L. | $150,592 | 1 |
| AMERICAN ESTATE & TRUST | KAREN CALDWELL | $15,000 | 1 |
| ANDERSON | MICHAEL A. | $35,000 | 1 |
| ARGELAN | GYORGY | $53,750 | 1 |
| ARNOLD | WILLIAM O. | $130,876 | 1 |
| BAKO | GABOR P. | $248,400 | 1 |
| BALES | CLIFFORD & ANITA (FRIC & FRAC) | 71,300 | 1 |
| BARKER | GLENN A. | $139,676 | 1 |
| BEGUELIN | F. HENRY | $139,676 | 1 |
| BENJAMIN | HOYT D. | $177,428 | 1 |
| BENNETT | GARY ALAN | $51,253 | 1 |
| BENNETT | RICHARD | $320,750 | 1 |
| BERECZ | ROBERT J. | $45,262 | 1 |
| BIRON | LOUIS R. & PATRICIA A. | $70,000 | 1 |
| BLENDERMANN | RONALD W. | $171,450 | 1 |
| BLOM | ARIC & HEIDI | $101,524 | 1 |
| BOYD | DALE R. | $36,525 | 1 |
| BREDEMUS | TERRENCE | $71,300 | 1 |
| BRIEGER | BERNICE | $22,500 | 1 |
| BROWN | BRIAN & NANCY | $73,732 | 1 |
| BROWNING FAMILY TRUST |  | $90,700 | 1 |
| BUJOLD | TERENCE | $140,742 | 1 |
| BURNETT | DANIEL | $68,376 | 1 |
| BURRILL FAMILY TRUST C/O GORDON F. BURRILL |  | $67,500 | 1 |
| CAPLAN | LARAINE | $117,475 | 1 |
| CAPLUCI | NORMA | $76,000 | 1 |
| CARABALLO | KELVIN L. | $88,650 | 1 |
| CHRISTIAN | JERRY | $37,400 | 1 |
| CLAWSON | DENNIS MICHAEL | $142,600 | 1 |
| COFFINBERRY | DENNIS | $62,500 | 1 |
| CORDES | CHRISTIAN JOHANN | $102,550 | 1 |
| COUCH | WALTER J. | $40,000 | 1 |
| COX | PAUL MATTHEW | $139,975 | 1 |
| CRANE | JOHN K. | $19,826 | 1 |
| CRENSHAW | CHRIS | $35,650 | 1 |

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

| | | | |
|---|---|---|---|
| CRITTENDEN | BUTLER P. | $51,249 | 1 |
| CROAL | GEORGE P. | $59,056 | 1 |
| CROFTS | JOHN | $220,000 | 1 |
| CURTIS | MARK A. | $98,150 | 1 |
| DANIEL | RICHARD M. & RINA M. | $190,239 | 1 |
| DEBERRY | ARTHUR S. | $30,000 | 1 |
| DEF MINERALS | LLC | $30,000 | 1 |
| DESAUTELS | MICHAEL | $99,975 | 1 |
| DEVRIES | NEAL | $20,000 | 1 |
| DRAKE | SHELDON & JACQUELINE | $45,262 | 1 |
| DUKE | ELIZABETH | $10,003 | 1 |
| DUNN | ALVIN | $12,950 | 1 |
| EARY | CHARISSE R. | $28,500 | 1 |
| EDSON | BEN | $161,710 | 1 |
| ENDOW, JR. | WILLIAM Y. | $24,994 | 1 |
| FAMILY TRUST OF SURINDER KUMAR UPPAL | | $71,300 | 1 |
| FASOLA | GARY | $63,750 | 1 |
| FELICIONE | JOHNNY & MARY M. | $238,301 | 1 |
| FINANCIAL BUSINESS SOLUTIONS LLC | | $24,534 | 1 |
| FINK | WILLIAM | $205,125 | 1 |
| FLORES | DAVID | $128,556 | 1 |
| FOSTER | MICHAEL A. | $95,650 | 1 |
| FREDRICKSON | KAYLN* | $31,250 | 1 |
| FREE | MARK B. | $47,825 | 1 |
| FROHRIEP | KENNETH M. | $75,900 | 1 |
| FROMME, JR. | GEORGE | $50,000 | 1 |
| GANTT, SR. | RICHARD A. | $16,875 | 1 |
| GARZA | MAURO E. | $80,000 | 1 |
| GAY | NYRA P. & JOHN T. | $25,000 | 1 |
| GEORGE V. & CORNELIA R. TRABER FAMILY TRUST | | $45,262 | 1 |
| GLAZE | NORMAN L. | $37,400 | 1 |
| GLENN | CAROL M. | $61,000 | 1 |
| GOLDSTROM | LORI & ROBERT | $237,877 | 1 |
| GOMEZ (CPA) | BENJAMIN P. | $1,500 | 1 |
| GRAYTON | ANTWAN* | $12,467 | 1 |
| GREY WOLF INVESTMENTS, LLC* | /SAI PARTNERSHIP INCOME* (ROBERT PROOST) | $136,752 | 1 |
| GUSTIN | GREG | $31,250 | 1 |
| HAIDUCEK | TIMOTHY J. | $42,819 | 1 |
| HAIFLEY FAMILY REVOC. TR (TIM HAIFLEY) | | $20,000 | 1 |
| HARRIS | JOHN P. & TRACY A. | $39,646 | 1 |
| HEUCHAN (JTWROS) | D.F. AND/OR ANNE C. | $49,988 | 1 |
| HLH LIMITED | INC. PENSION PLAN | $259,825 | 1 |
| HODGES, JR. | WILLIAM L. | $34,188 | 1 |
| HOME RUN PROPERTIES NC (JAMES BRASWELL) | | $39,650 | 1 |
| HORN III | WILLIAM S. | $20,000 | 1 |
| HORNER | DONALD W. | $35,650 | 1 |
| HUIET | J. CALEB | $40,000 | 1 |
| INTECH | LLC | $391,709 | 1 |
| JKJB CORP (JAY FISHER) | | $71,300 | 1 |
| JOANN DUNCAN TRUST | | $16,875 | 1 |
| JOHANNSEN | KEVIN DUANE & WENDY | $569,000 | 1 |
| JOHN SPRAGINS REVOCABLE TRUST | | $63,750 | 1 |
| KANESHIKI | LOIS & NEIL | $90,524 | 1 |
| KEITH | CRAIG & KAREN S. | $22,631 | 1 |
| KENNEDY | SEAN OR DIANE | $893,800 | 1 |

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

| | | | |
|---|---|---|---|
| KING MOUNTAIN INVESTMENTS | INC. (Edwards) | $34,188 | 1 |
| KIRT HANSEN FARMS INC. | | $120,000 | 1 |
| KOSICH | MARTIN | $131,400 | 1 |
| KURTH | JOHN A. | $31,250 | 1 |
| KVATUM | ALETA & RICHARD | $393,925 | 1 |
| LAHUTSKY | NICK | $10,000 | 1 |
| LANGEVIN | RONALD P. | $70,000 | 1 |
| LIN | YIQUN | $202,500 | 1 |
| LOSTOTTER | DANIEL G. | $88,376 | 1 |
| LOTT | CLARK | $18,700 | 1 |
| LUTHER | GERALD | $11,396 | 1 |
| LYDAY | CARL & SUSAN | $49,988 | 1 |
| LYNCH | RICHARD & CHICHA | $60,000 | 1 |
| MANN | ROBERT W. & LINDA C. | $45,255 | 1 |
| MANNISTO | JOSEPH | $40,000 | 1 |
| MARWAHA | AMIT | $45,262 | 1 |
| MCKINNEY | GARY & AFREDIA | $17,825 | 1 |
| MEHTA | INDER | $35,650 | 1 |
| MERRELL | JESSE H. | $50,000 | 1 |
| MOFFATT | STEVEN R. | $118,000 | 1 |
| MOORE | LARRY H. | $50,000 | 1 |
| MORGAN | BARRY | $40,000 | 1 |
| MORTENSEN | ARNE | $71,300 | 1 |
| MORTENSEN | JONALEE | $71,300 | 1 |
| MURPHY | JUDITH C. | $35,650 | 1 |
| MURRAY | JAY | $20,000 | 1 |
| NEHLS | JEFFREY | $30,000 | 1 |
| NELSON FAMILY TRUST - STEVEN & JERENE NELSON | | $39,375 | 1 |
| NICHOLAS | PAUL | $68,376 | 1 |
| NORMAN | JAMES & PATRICIA | $135,000 | 1 |
| OBERMEIER LIVING TRUST | Manfred | $88,714 | 1 |
| OCHOA | ROSA | $135,800 | 1 |
| P & S VAN ENTERPRISES | LLC (PAUL VAN DONSELAAR) | $46,700 | 1 |
| PADGETT | JEFF | $80,000 | 1 |
| PADGETT | JEFF (ELITE FRONT RANGE SERVICE LLC) | $40,000 | 1 |
| PALMER FAMILY LIVING TRUST | | $63,750 | 1 |
| PANZERA | PHILLIP | $17,825 | 1 |
| PAUL W. SHARABA | | $10,000 | 1 |
| PEEK, JAMES - MIDLAND IRA, INC., FBO JAMES PEEK #1634374* | | $65,312 | 1 |
| PHILLIP W. WYNE | TRUST | $147,805 | 1 |
| PILLAY | KANASAN & SHASIKALA | $120,000 | 1 |
| PIN POINT DIRECTIONAL DRILLING | LLC | $18,700 | 1 |
| POTH | WOLFGANG E. | $99,646 | 1 |
| PROCIUK | DAVID & GRACE | $390,000 | 1 |
| PROKOP | DANIEL | $71,300 | 1 |
| PROVINCIAL HOLDINGS C/O STUART DOMBEY | | $259,999 | 1 |
| R. BUHLER CONSULTING | | $24,000 | 1 |
| RAAB | RAJNIK W. | $241,048 | 1 |
| REEVES | DAVID W. | $79,292 | 1 |
| RESLEY | TODD C. & COLLEEN F. | $22,631 | 1 |
| RESSEGUIE | ROBERT E. | $173,908 | 1 |
| RICE | SANDRA D. & MARK V. | $30,000 | 1 |
| RICHARD G. ORNSTEIN REVOCABLE TRUST | | $331,260 | 1 |

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

| | | | |
|---|---|---|---|
| RIST FAMILY TRUST | JOHN A. RIST TTEE | $393,258 | 1 |
| ROBERTSON | BART | $30,000 | 1 |
| ROBERTSON | PAMELA | $60,000 | 1 |
| RODRIGUEZ | JUAN M. | $60,000 | 1 |
| RSM REPORTS | LLC | $46,249 | 1 |
| RYAN DEGARIS* | MIDLAND IRA, INC. FBO RYAN DEGARIS #1634154* | $20,000 | 1 |
| SAKAEDA | KURT KIYOMI | $40,000 | 1 |
| SALVADORE | GREGORY A. | $10,000 | 1 |
| SANDOZ, JR. | JAMES P. | $163,375 | 1 |
| SCHMIDT | ANDREW | $10,000 | 1 |
| SCHMIDT | JOSEPH | $35,000 | 1 |
| SCHULTZ | RONALD & DEBRA | $80,000 | 1 |
| SCHWAB | RONALD F. | $67,500 | 1 |
| SEGAL-OWENS | BARRY JAY & ARLYNN CAROLE | $39,375 | 1 |
| SKOLFIELD | WILLIAM R. | $82,497 | 1 |
| SLAPPEY III | WILLIAM J. & SUSAN | $229,975 | 1 |
| PANCE & ANA SMILJKOVICH TRUST* | | $22,500 | 1 |
| SMITH | MARLIN C. | $17,825 | 1 |
| SOLOMON | ROBERT | $150,592 | 1 |
| SORENSEN | JULIA R.* | $34,188 | 1 |
| SORENSEN | ROBERT A. & JULIA R.* | $260,976 | 1 |
| SPEARS | CHARLES G | $10,000 | 1 |
| STALEY | MICHAEL C. & GINAMARIE A. | $60,000 | 1 |
| STOKES | VICKIE & MATTHEW (OLDE TIME OIL, LLC)* | $196,272 | 1 |
| STRAPELLI | MICHAEL | $46,700 | 1 |
| SUD | ASHISH | $79,292 | 1 |
| TANKEL | ROBERT & TERRI | $10,000 | 1 |
| TAVERNER | FREDERICK & LISA | $233,750 | 1 |
| TAYLOR III | JULIUS M. | $20,000 | 1 |
| TAYLOR | LARRY H. | $49,988 | 1 |
| TERRI B GOULD LIVING TRUST | CARLOS D GOULD LIVING TRUST | $226,300 | 1 |
| THE ROBERT E RESSEGUIE TRUST | | $40,000 | 1 |
| THE STREBEIGH FAMILY 2007 TRUST | | $10,000 | 1 |
| THE UPPAL FAMILY TRUST | | $49,988 | 1 |
| THOMPSON | PAUL E. & BRENDA | $93,400 | 1 |
| TINNESZ | THOMAS J. & MARY BETH | $100,000 | 1 |
| TOMAR ENTERPRISES | INC. C/O TOM BRAIN | $33,750 | 1 |
| TOOP | TED & CHARLOTTE | $75,363 | 1 |
| TORRES | FELIX | $85,900 | 1 |
| TOUSSAINT | ARTHUR R. | $85,915 | 1 |
| JOHN TROIKE* | (MIDLAND IRA - FBO JOHN TROIKE #1635311)* | $43,850 | 1 |
| VASQUEZ | LINDA & GEORGE | $50,000 | 1 |
| VIGIL | GREG | $98,000 | 1 |
| VILNER | LEON | $241,116 | 1 |
| VOIGHT | JAMES | $768,625 | 1 |
| VOLTZ, JR. | FREDERICK G. | $40,000 | 1 |
| WAHL | WILLIAM A. | $38,376 | 1 |
| WALKER | NELDA C. | $23,000 | 1 |
| WEBB (JTWROS) | THOMAS L. & MIRIAM R. | $241,116 | 1 |
| WELCH | TIMOTHY L. | $350,750 | 1 |
| WELTER | STEVEN J. & CAROLYN* | $79,475 | 1 |
| WESTCOTT | GREGORY & LYNETTE | $17,500 | 1 |
| WOMACK | BARBARA & STEVEN L. | $40,000 | 1 |

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

| | | | |
|---|---|---|---|
| WOOD | LESTER A. | $121,300 | ı |
| WOODS | CHARLES G. | $93,708 | ı |
| WTE LLC | | $18,700 | ı |
| YADALLA | KIRAN | $229,816 | ı |

**TOTAL**      $19,785,232

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: David R. Greenlee
CASE NUMBER: 4:17CR00203-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 100 due immediately, balance due

  ☐ not later than _____, or
  ☒ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Pursuant to 18 U.S.C. § 3664(f)(3)(B), nominal payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR shall be made. Upon release from imprisonment and while on supervised release, nominal payments of a minimum of $500 per month shall be made. Payments are to be made payable to the Clerk, United States District Court, for disbursement to the victims.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

David R. Greenlee (4:17CR00203-1), Total amount $19,785,232, Joint and Several amount $19,785,232;
Colin Purcell (4:18CR00001-1), Total amount $2,231,792.75, Joint and Several amount $2,231,792.75;
Richard P. Underwood (4:17CR00197-1), Total amount $5,732,444, Joint and Several amount $5,684,619; and
David A. Stewart (4:17CR00213-1), Total amount $29,400,823, Joint and Several amount $19,555,413.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
The property described in paragraph 9 of the plea agreement. Furthermore, the Consent Order of Forfeiture entered by this Court on July 31, 2017, is incorporated into this Judgment by specific reference.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.